```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                        CASE NO. 17-21554-Civ-ALTONAGA
                        MAGISTRATE JUDGE P. A. WHITE
```

NORBERTO IGLESIAS,

    Plaintiff,

v.                                       ORDER REQUIRING
                                         AMENDED COMPLAINT

JOHN DOE, et al.,

    Defendants.
_____/

    Plaintiff, a convicted state prisoner, currently confined at Everglades Correctional Institution ("Everglades CI"), has filed this *pro se* filing, claiming constitutional violations.

    The law is well settled that prisoners have the right to bring federal civil rights actions to challenge the conditions of their confinement. See Preiser v. Rodriguez, 411 U.S. 475, 498 (1973)(citing Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964); Houghton v. Shafer, 392 U.S. 639, 88 S.Ct. 2119, 20 L.Ed.2d 1319 (1968); Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). In other words, §1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. See Preiser v. Rodriguez, 411 U.S. at 499 (citing Humphrey v. Cady, 405 U.S. 504, 516-517, n.18 (1974)). As a result, the Clerk was ordered to open this matter as a new civil action, filed pursuant to 42 U.S.C. §1983. He sues unidentified correctional officers at Everglades CI. (DE#1). He has neither paid the Clerk's filing fee nor sought leave to proceed *in forma pauperis*.

The Plaintiff's filing is in Spanish, but was translated by the Court. The Plaintiff alleges that Everglades CI correctional officers have been smuggling firearms, cell phones, and explosives into the facility. It appears the Plaintiff states he has hidden some of these contraband items, and fears for his life. He claims he was the victim of a retaliatory transfer and correctional officers allowed a fellow inmate to stab him nineteen times. He seeks an order transferring him and a friend to another facility.

However, the Plaintiff is cautioned that all future filings must be in English, not Spanish. "[I]t is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English." Macbeq De Occidente S.A. de C.V. v. Kaloti Metals & Logistics, LLC, 12-24050-CIV, 2013 WL 12145905, at *2-3 (S.D. Fla. June 25, 2013) (quoting United States v. Rivera-Rosario, 300 F.3d 1, 5, 7 n.4 (1st Cir. 2002) (noting "well-settled rule that parties are required to translate all foreign language documents into English"); see also Lopez-Carrasquillo v. Rubianes, 230 F.3d 409, 413-14 (1st Cir. 2000) (declining to consider as part of summary judgment record a deposition excerpt in Spanish, where party submitting excerpt failed to provide English translation); Krasnopivtsev v. Ashcroft, 382 F.3d 832, 838 (8th Cir. 2004) (copy of passport was properly excluded from evidence where no English translation or certification was offered); United States v. Cruz, 765 F.2d 1020, 1023 (11th Cir. 1985) (where defendant engages in "deliberate tactical decision" not to submit English translation of Spanish tape, he cannot complain on appeal that jury's function was usurped when he failed to present evidence that would have aided jury in fulfilling that function); Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking as inadmissible plaintiffs' exhibits that were not in English and for which plaintiff had

provided no translation); Continental Illinois Corp. v. C.I.R., 1989 WL 99426, 57 T.C.M. (CCH) 1464 (U.S. Tax Ct. 1989) (declining to make untranslated financial documents part of record where neither respondent nor court is literate in language in which statements were written); Rivas-Montano v. United States, Nos. 8:03-cr-47-T-24EAJ, 8:06-cv-852-T-24EAJ, 2006 WL 1428507, *1 (M.D. Fla. May 22, 2006) (striking an affidavit that was filed in Spanish without an accompanying certified English translation)). If Plaintiff cannot write in English, then he must provide certified English translations of his filings. Without the translations, the Court finds that Plaintiff will be unable to state a claim for relief.

Careful review of this filing reveals that it is legally deficient. Regarding the sufficiency of the plaintiff's complaint, the plaintiff is reminded that he must state with specificity the name of each individual involved and the date and places applicable to each. If he cannot obtain the name, then he must give as much detail as possible to enable service to be effected upon them. At this juncture, the Final Amended Complaint cannot go forward as drafted.

The Plaintiff is reminded that his Final Amended Complaint will be the sole operative complaint and should not incorporate by reference any prior complaints. Further, the Plaintiff is cautioned that the Broward County Jail is not a person for purposes of a §1983 cause of action.

The Court must hold the allegations of a pro se civil rights complaint to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519 (1972), and such a complaint should not be dismissed unless it appears beyond doubt

that the plaintiff can prove no set of facts in support of his or her claim which would entitle the plaintiff to relief. Haines v. Kerner, supra; Conley v. Gibson, 355 U.S. 41 (1957).

The effort to provide justice to the plaintiff, however, cannot be allowed to work injustice upon a defendant. A defendant must be able to understand the claim of the plaintiff and what he or she is accused of. Therefore, even a pro se plaintiff must comply with Fed.R.Civ.P. 8(a) by providing a short and plain statement of a claim, a basis for federal jurisdiction, and a demand for judgment. Moreover, the plaintiff must separate all claims based upon differing sets of circumstances, as required by Fed.R.Civ.P. 10(b). It is thereupon

ORDERED AND ADJUDGED as follows:

1.   On or before **May 29, 2017,** the plaintiff shall file a final amended complaint in this case. The plaintiff is cautioned that the Final Amended Complaint shall be the sole, operative complaint and should not incorporate by reference any prior filed complaints as they will not be considered by the court. The plaintiff is further instructed that he is to insure he hands his amended complaint to prison authorities for mailing with sufficient time so that it reaches this court by May 29, 2017.

2.   The final amended complaint must be labeled Final Amended Complaint and must show the case number so that it will be filed in this case.

3.   The amended complaint must contain a separate paragraph as to each defendant explaining when and what each defendant did, and the supporting facts to show why that person is being sued.

4

    4.    The plaintiff is being provided with an approved civil rights form for his use in filing his complaint. Failure to utilize the form provided may result in dismissal of this case for failure to comply with this court's orders. The plaintiff is cautioned against failing or ignoring this court's order, and not utilizing the forms provided.

    5.    The plaintiff is also cautioned that failure to file the amended complaint on time may result in dismissal of this case.

    DONE AND ORDERED at Miami, Florida, this 1st day of May, 2017.

                                                s/Patrick A. White
                                      UNITED STATES MAGISTRATE JUDGE

cc:   Norberto Iglesias, <u>Pro Se</u>
       DC#K01091
       Apalachee Correctional Institution East
       Inmate Mail/Parcels
       35 Apalachee Drive
       Sneads, FL 32460